## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

_____
                                          :
**FRANCKY ANTOINE, ET AL.,**              :        **Civil Action No. 08-6415 (KSH)(PS)**
                                          :
     **Plaintiffs,**          :
                                          :
     **v.**                   :
                                          :
**KPMG CORP., ET AL.,**                   :        **OPINION**
                                          :
     **Defendants.**           :
_____   :

**[SHWARTZ, Magistrate Judge]**

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' motion for leave to file an Amended Complaint to add a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 255(a), and a joint submission regarding discovery disputes.  For the reasons set forth herein, Plaintiffs' motion for leave to file an Amended Complaint and request for an extension of the discovery deadlines are granted, but their request for spoilation sanctions is denied.

## II. BACKGROUND

### A. Allegations of the Amended Complaint

Defendant KPMG is a Swiss cooperative doing business in Montvale, Bergen County, New Jersey.  (Am. Compl., Docket Entry No. 19, ¶ 1.)  Defendants D.J. Fritz, James Hausman,

and Dawn Fuchs work at KPMG as a manager, a supervisor, and a human resources representative, respectively.  (Id.)  Plaintiffs are former employees of KPMG.  (Id. ¶ 2.)  The Complaint alleges that Defendants committed various acts in violation of, among other things, the New Jersey Law Against Discrimination, the Family Medical Leave Act, and the Conscientous Employee Protection Act.  (See Compl., Docket Entry No. 1, Ex A.)   The proposed Amended Complaint seeks to add a claim under the FLSA.  (Am. Compl., Docket Entry No. 19, ¶¶ 44–75.)

In the proposed Amended Complaint, Plaintiffs allege that their primary duty was to take customer service phone calls pursuant to Defendant KPMG's uniform employment policies.  (Id. ¶ 52.)  According to the Proposed Amended Complaint, Plaintiffs routinely worked in excess of forty hours per week, but Defendants classified Plaintiffs as non-exempt and did not pay all of the overtime owed to Plaintiffs pursuant to KPMG's policies.  (Id. ¶¶ 53–57, 59.)  Specifically, Plaintiffs allege that Defendants knowingly did not compensate Plaintiffs with overtime pay for, "among other things, coming in early to boot-up their computers, logging-in to KPMG's software systems, and initiating numerous software applications."  (Id. ¶ 56.)  Plaintiffs also allege that, as part of the company's compensation policy, KPMG willfully failed to keep accurate records of all hours that Plaintiffs worked.  (Id. ¶¶ 58, 71–72.)

**B. Procedural History**

On November 28, 2008, Plaintiffs filed suit against Defendants in the New Jersey Superior Court, Bergen County, alleging that Defendants: (1) violated the New Jersey Law Against Discrimination (2) created a hostile work environment, (3) retaliated, (4) committed wrongful discharge, (5) engaged in constructive discharge, (6) aided and betted discrimination,

(7) violated the Family Medical Leave Act, (8) violated the Conscientious Employee Act, and (9) caused a loss of chance.  (Compl., Docket Entry No. 1, Ex. A.)

On March 17, 2009, this Court entered a Pretrial Scheduling Order setting discovery and motion deadlines, including a July 1, 2009 deadline to file motions to amend pleadings.  (Docket Entry No. 10, ¶ 10.)  On March 31, 2009, Plaintiffs served interrogatories and document requests on Defendants, and on June 10, 2009, Defendants served their responses.  (Defs.' Br., Docket Entry No. 21, at 2.)  Defendants deposed Plaintiffs in July and August 2009.  (Id.)

During an October 6, 2009 telephone conference with the Court, Plaintiffs raised the possibility of adding an FLSA claim despite having information to support the claim since at least July 2009.[1]  (Id.)  On October 29, 2009, Plaintiffs requested leave to file an Amended Complaint to add new claims under the Equal Pay Act, the New Jersey Law Against Discrimination, New Jersey Leave Act, and the FLSA.  (Order, dated Nov. 9, 2009, Docket Entry No. 18.)  By Oral Opinion and Order dated November 9, 2009, the Court denied leave to amend the Scheduling Order to modify the deadline to file motions to amend pleadings, pursuant to Fed.R.Civ.P. 16, except for a claim under the FLSA.  The Court directed that:

> the Pretrial Scheduling Order is modified as follows: Any motion to amend the pleadings to allege a claim under the FLSA shall be filed no later than **December 1, 2009**.  Nothing herein shall constitute a ruling as to whether or not the amendment will be permitted under Fed. R. Civ. P. 15.  If a motion is filed, then the plaintiff shall address why the proposed amendment is not futile based upon the

---

[1] On July 21, 2009, Defendants deposed Plaintiff Tracy Olulenu who alleged that the Help Desk phone system clock was inaccurate, that employees were expected to log into this system, and that employees were expected to arrive before the start of their shifts to boot up the system.  (Defs.' Br., Docket Entry No. 21, at 2.)  Although the parties had a telephone conference with the Court on July 22, 2009, Plaintiffs did not mention a possible FLSA claim.  (Id.)  On August 11, 2009, Plaintiff Klein produced timesheets detailing hours worked.  (Id.)

statute of limitations and the defendant's opposition shall set forth the discovery
that would be needed if the amendment is permitted . . . .

(Docket Entry No. 18, at 2.)

On December 1, 2009, Plaintiffs filed a motion for leave to file an Amended Complaint

(Docket Entry No. 19).  On December 21, 2009, Defendants filed a brief in opposition (Docket

Entry No. 21), and on December 28, 2009, Plaintiffs filed their reply brief (Docket Entry No. 24).


### III. ARGUMENTS

**A. Plaintiffs' Arguments**

Plaintiffs contend that they should be allowed to amend their Complaint because: (1) the

FLSA should be broadly construed to effectuate its purpose as remedial legislation, (2) the

amendment to add an FLSA claim would not be futile, (3) Defendants are not unduly prejudiced

by the amendment, and (4) amendment should be freely granted unless there is dilatory motive,

bad faith or undue delay, or futility.  (Pls.' Br., Docket Entry No. 19, at 2.)  As  to futility,

Plaintiffs argue that the statute of limitations for willful violations of the FLSA is three years, that

Defendants' conduct is willful because KPMG's business is compliance and it did not comply

with the law, and therefore all Plaintiffs can recover under the FLSA.  (Id. at 3.)  As to prejudice,

Plaintiffs argue that the time necessary to re-depose Plaintiffs will be minimal, that Plaintiffs have

already requested the relevant documents, and that "the defendant has admitted that it did not

retain the phone log in records beyond the past year, so defendant KPMG has already looked for

the relevant documents, and, having failed to preserve them, cannot produce them."  (Id. at 4.)

Plaintiffs argue that bad faith, dilatory motive, and undue delay do not exist because Plaintiffs did

not know to communicate the relevant facts to their attorney who allegedly discovered the violations "by accident" during Plaintiffs' depositions, which occurred after the deadline to amend pleadings had passed.  (Id. at 4.)

**B. Defendants' Opposition**

Defendants argue that the motion for leave to file an Amended Complaint should be denied because: (1) Plaintiffs failed to demonstrate good cause under Rule 16 to extend the deadline to amend pleadings, and (2) the motion (a) was filed with undue delay, (b) is futile, and (c) would cause prejudice to Defendants.  (Defs.' Br., Docket Entry No. 21.)  As to the absence of good cause, Defendants contend that Plaintiffs violated the Pretrial Scheduling Order and failed to establish "good cause" to extend the deadline for amending the pleadings because Plaintiffs were aware of facts supporting an FLSA claim before the July 1, 2009 deadline.  (Id. at 3.) Specifically, Defendants contend that Plaintiffs' own deposition testimony forms the basis of the FLSA claim and that a claim based on facts within Plaintiffs' knowledge cannot serve as a basis for good cause.  (Id. at 3–4.)  As to futility, Defendants argue that the two-year statute of limitations for the FLSA bars two of the plaintiffs from seeking relief and these plaintiffs are not entitled to the application of the three-year statute of limitations because they have not successfully pled a "willful" violation.  Defendants assert that Plaintiffs' accusations about the lack of records are "simply false," and in any event, maintaining records has no bearing on willfulness.  (Id. at 7–8.)  Defendants also argue that they would be prejudiced by an amendment because it would require new discovery, including depositions, to address the new claim since it was not part of the case when discovery was conducted.  (Id. at 8–9.)

In addition, Defendants also contend that Plaintiffs have still not asked for documents

relevant to an FLSA claim, namely time sheets, and that the only documents requested pertain to

the telephone system logs, which are not time sheets and are not used to record employees' hours

for wages.  (Id. at 4 n.1.)  Nonetheless, Defendants assert that they provided Plaintiffs with

records of Plaintiffs' time sheets on December 18, 2009 and that their contents undercut

Plaintiffs' allegations.  (Id. at 8 n.3.)

### C. Plaintiffs' Reply

In reply, Plaintiffs argue that: (1) any delay should be excused because Plaintiffs

themselves are not employment lawyers and did not know that Defendants' failure to compensate

them for the time spent preparing to commence their duties violated the FLSA; (2) Plaintiffs'

counsel only learned of the potential violations in July 2009 and needed time to investigate and

develop "relatively novel" legal theories to support the claim; (3) Defendants have known since

October 2009 that Plaintiffs intended to bring FLSA claims; (4) delays in bringing the claims

should be excused because Plaintiffs were focused on securing responsive discovery and

participating in depositions; (5) any prejudice is limited to reopening Plaintiffs' depositions to

address only the FLSA claim; and (6) the futility attack on the claims of two of the plaintiffs fails

because the proposed Amended Complaint alleges that Defendants acted willfully and if this is

established, the FLSA has a three-year statute of limitations that would enable these plaintiffs to

recover.  (Pls.' Reply, Docket Entry No. 24.)


### IV. DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure, which governs amendments to pleadings,

provides:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.
>
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and provide that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.  Foman v. Davis, 371 U.S. 178, 181–82 (1962) (citations and internal quotations omitted).

Under Rule 15, the decision to amend rests in the sound discretion of the Court.  See Foman, 371 U.S. at 182; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981).  The United States Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  See Foman, 371 U.S. at 182; Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (stating that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust.").  Stated differently, "absent undue or substantial prejudice, an amendment should be allowed under Rule 15 unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously

allowed or futility of amendment." <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Cir. 2004) (citations, quotations, and emphasis omitted).

### A.  Bad Faith & Undue Delay

With regard to undue delay and bad faith, the Court of Appeals for the Third Circuit has stated:

> [t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party.  The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants.

<u>Adams v. Gould, Inc.</u>, 739 F.2d 858, 868 (3d Cir.1984) (internal citations and quotation marks omitted); <u>see also</u> <u>Cureton v. NCAA</u>, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner" and the issue of prejudice focuses on hardship to the nonmovant if the amendment is permitted); <u>Lindquist v. Buckingham Township</u>, Civ. Nos. 03-2431, 03-2971, 2004 WL 1598735, at *6 (3d Cir. July 19, 2004) (affirming denial of leave to amend complaint to include additional claim because allegedly withheld documents, which gave rise to the amendment, were public and delay was, therefore, inexcusable).

Here, there is no question that there has been delay.  Plaintiffs had knowledge of their work hours and compensation long before this case was filed.  Moreover, Plaintiffs' counsel had knowledge of facts that may support the FLSA claim since at least July 2009 but waited until October to mention the possible claim, which was coincidentally after the failed September 2009

settlement conference.  (See Docket Minute Entry for September 24, 2009.)  Although Plaintiffs

assert that time was needed to investigate the claim and develop what their counsel describes as a

"novel" theory (Docket Entry No. 24, at 1), the proposed claim is not novel.  Indeed, many cases

have addressed compensation for preparatory tasks that Plaintiffs contend that they performed

without compensation.  See, e.g., Anderson v. Mount Clemens Pottery Co., 328 U.S. 680,

692–693 (1946) (holding that certain preliminary activities "such as putting on aprons and

overalls" and "sharpening tools" are compensable under the FLSA); see also Mitchell v. King

Packing Co., 350 U.S. 260, 263 (1956) (holding that butchers should be compensated for time

spent sharpening knives prior, during, and after work); Albanese v. Bergen County, 991 F. Supp.

410, 420 (D.N.J. 1998) (finding that "the FLSA requires employers to compensate dog handlers

for the off the clock time they spend caring for and maintaining their dogs").

Nonetheless, the Court cannot find that "the delay [has] become 'undue,' placing an

unwarranted burden on the court, or [has] become 'prejudicial,' placing an unfair burden on the

opposing party."  See Adams, 739 F.2d at 868.  To begin with, Defendants have known that

Plaintiffs were considering adding this claim since at least October 2009 and have been aware

since at least November 9, 2009 that the Court would allow Plaintiffs to file a motion for leave to

file an Amended Complaint to add the FLSA claim.  (Docket Entry No. 18.)  Furthermore,

information concerning the number of hours that Plaintiffs worked and their compensation is

known to Defendants who can easily investigate whether a factual basis exists, and in fact, have

already begun doing so.  As reflected in their submission, Defendants have represented that they

have produced timesheets to Plaintiffs upon which their compensation is based. (Def.'s Br.,

Docket Entry No. 21, at 7–8,  n.2.)  Although, Defendants also assert that these time sheets

undermine Plaintiff's allegations (id.), the Court cannot consider assertions about the accuracy of such records to evaluate the merit of Plaintiffs' allegations in the context of a futility challenge. The Court can, however, consider these facts to find that no undue prejudice exists by allowing the amendment since Defendants are apparently prepared to address the FLSA claim.

Moreover, any prejudice from the late amendment can be cured by allowing Defendants to reopen Plaintiffs' depositions to address their FLSA claim.  Had this claim been timely added, this topic would have been probed during the initial depositions.  As a result, the real harm from the delay is that Defendants would be required to incur deposition costs associated with hiring a court reporter.  Plaintiffs could have avoided this additional cost if they had more promptly disclosed to their attorney information concerning their workdays or if their counsel had acted more promptly to add the claim.  To avoid Defendants from being unfairly impacted by Plaintiffs' delays, Plaintiffs will be required to pay the costs associated with the court reporters attendance at the reopened depositions and they will be required to appear promptly for those depositions so as to avoid any further delays.  This approach ensures that Defendants are not prejudiced by the delay and the Court is not burdened by a lengthy disruption of the proceedings.  For all of these reasons, undue delay, as contemplated under Rule 15, Foman v. Davis, and Third Circuit precedent, does not preclude the proposed amendment.

Moreover, Rule 16 does not preclude amendment.  The present motion was filed by the deadline set forth in the Order dated November 10, 2009.  Although this deadline reflected an extension of the original deadline for such motions of July 1, 2009 (Docket Entry No. 10, ¶ 10), the Court heard argument on November 9, 2009, and found that good cause existed to allow the deadline to be adjusted for the limited purpose of allowing Plaintiffs to file a motion for leave to

file an Amended Complaint that adds the FLSA claim. (Docket Entry No. 18, at 1–2.)  The Court incorporates the findings it made on the record on November 9, 2009 herein as its basis for finding good cause existed to extend the deadline.

To the extent that Defendants' brief seeks reconsideration of this determination, their request is untimely.  L.Civ.R. 7.1(i) makes clear that request for reconsideration must be filed within ten days of the entry of the challenged order.  The Order extending the deadline was entered November 10, 2009, and no request to reconsider the Order was timely filed, Defendants' opposition brief, even if considered a request for reconsideration, was filed beyond the ten-day period.  Thus, to the extent the numerous pages Defendants devoted to Rule 16 seek reconsideration of the Order extending the deadline, the request to do so is untimely.  Because Plaintiffs' motion was timely filed under the current order, Rule 16 does not preclude the request for leave to file the Amended Complaint.

The Court now turns to Defendants' assertion that Plaintiffs Deveaux and Minitee should be barred from amending the complaint to add an FLSA claim because their claims are barred by the two-year statute of limitations and are therefore futile.

### B. Futility

An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."  Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (citations and internal quotations omitted).  In determining whether an amendment is insufficient on its face, the Court employs the same standard as for a Rule 12(b)(6) motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted).  Under a Rule 12(b)(6) analysis, the question before the Court is not whether

the movant will ultimately prevail and detailed factual allegations are not necessary to survive a

Rule 12(b)(6) motion.  Nonetheless, "a pleader's obligation to provide the grounds of his

entitle[ment] to relief requires more than labels[,] . . . conclusions, and a formulaic recitation of

the elements of a cause of action" and requires that the "[f]actual allegations . . . be enough to

raise a right to relief above the speculative level . . . on the assumption that all the allegations in

the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citations omitted).

    A two-part analysis determines whether this standard is met.  Folwer v. UMPC Shadyside,

578 F.3d 203, 210 (3d. Cir. 2009) (interpreting Ashcroft v. Iqbal, 129 S.Ct. 1955 (2009)).  First, a

court separates the factual and legal elements of a claim.  Folwer 578 F.3d at 210.  All well-

pleaded facts set forth in the pleading and the contents of the documents incorporated therein must

be accepted as true, see Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) (citations

omitted), but the Court may disregard any legal conclusions.  Folwer, 578 F.3d at 210–11; Iqbal,

129 S.Ct. at 1949 (noting that a complaint is insufficient if it offers "labels and conclusions," a

"formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of

'further factual enhancement.'").

    Second, a court must determine whether Plaintiff's complaint articulates "enough facts to

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Folwer 578

F.3d at 211.  As the Supreme Court instructed in Iqbal, "[a] claim has facial plausibility when the

pleaded factual content allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  Although this is not a "probability

requirement," the well-pleaded facts must do more than demonstrate that the conduct is "merely

consistent" with liability so as to "permit the court to infer more than the mere possibility of

misconduct" to make a showing of entitlement to relief.  Id. at 1949–50 (emphasis added)

(internal citations and quotations omitted).  This "context-specific task . . . requires the reviewing

court to draw on its judicial experience and common sense."  Id. at 1950; Folwer, 578 F.3d at 211.

Moreover, a court may consider only a very limited record when evaluating whether a

proposed amended complaint is futile.  When evaluating an objection based upon futility, the

Court may only consider the pleading, exhibits attached to the pleading, matters of public record,

and undisputedly authentic documents if the claims are based on those documents.  Pension

Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1992).  It is through

this prism that the Court must determine whether or not the FLSA allegations of Plaintiffs Devaux

and Minitee are futile.

A party alleging a violation of the FLSA must file his or her complaint within two years

after the cause of action has accrued.  29 U.S.C. §255(a).  A cause of action accrues "when the

employer fails to pay the required compensation for any workweek at the regular pay day for the

period in which the workweek ends." Falzo v. County of Essex, Civ. No. 03-1922, 2008 WL

2064811, at *8 (D.N.J. May 14, 2008) (citing 29 C.F.R. § 790.21(b)).  The statute of limitations,

however, expands to three years if the alleged violation is willful.  29 U.S.C. §255(a).  To show

willfulness, Plaintiffs must show either that Defendants knew of, or showed reckless disregard for,

prohibited conduct.  McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).  Negligence

"with regard to overtime and record keeping provisions of [the] FLSA" is insufficient to establish

willfulness.  Id. at 83.  Evidence of an awareness of a possible violation and "indifference toward

the requirements imposed by the FLSA", however, supports a finding of willfulness.  Martin v.

Selker Bros., 949 F.2d 1286, 1296 (3d Cir. 1991).

According to Plaintiffs' brief (Docket Entry No. 19, at 4) and Defendants' brief (Docket No. 21, at 11), Plaintiffs Deveaux and Minitees' employment with Defendants ended on February 17, 2007 and November 6, 2007, respectively.  More than two years have passed since their termination and therefore there could be no claims that accrued in the past two years.  Thus, these plaintiffs would only be able to recover if they show that Defendants willfully violated the FLSA during their final year of employment.   Defendants contend that Plaintiffs cannot show that Defendants acted willfully.  In support of this position, Defendants ask the Court to consider information beyond those in the proposed pleading, namely an assertion that Defendants have maintained time records as required by the FLSA and that this "fact" contradicts Plaintiffs' assertion that Defendants failed to maintain records.  When confronted with a claim of futility in response to a proposed amended complaint, however, the Court is limited to the allegations in the Complaint, public records, and "undisputedly authentic documents."  Pension Benefit Guar. Corp., 998 F.2d at 1196.  Here, the Court has received only a proffer concerning the existence of the records, their production to Plaintiffs, and their import.  While these records may ultimately undermine Plaintiffs' ability to survive summary judgment, the proffer about the documents is beyond the pleadings and does not constitute an authentic document and therefore it cannot preclude the amendment.

Thus, the Court, examining the proposed pleading under the standard of Twombly, Iqbal, and Fowler and in light of the law concerning willfulness, finds that there are sufficient allegations in the Proposed Amended Complaint upon which the Court can find that Plaintiffs' claim of Defendants' willful FLSA violation is facially plausible because Plaintiffs have "pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.  Accepting the allegations as true, Plaintiffs

assert that: (1) they each had the same or similar job duties (Am. Compl., Docket Entry No. 19, ¶

51), (2) Defendants had uniform employment policies and practices, including compensating

Plaintiffs for their work on an hourly basis and failing to pay overtime for all hours worked in

excess of forty hours in a week (id. at ¶¶ 52, 54, 55, 65, 72); (3) Defendants managed and ratified

the amount of overtime Plaintiffs worked and their compensation (id. at ¶ 53); (4) Defendants

knew that Plaintiffs routinely worked over forty hours without compensation for time spent

coming in early to activate their computers and initiating software applications (id. at ¶¶ 56–57);

(5) Defendants classified Plaintiffs as nonexempt employees under the FLSA and knew that

Plaintiffs were performing these tasks but did not pay them (id. at ¶¶ 57, 59, 61, 66); and (6)

Defendants willfully failed to maintain accurate records for the hours Plaintiffs worked despite

their obligations under the FLSA (id. at ¶¶ 58, 71).  These allegations are sufficient to provide a

facially plausible claim that Defendants were aware of their obligations under the FLSA, aware

that Plaintiffs worked more then forty hours per work week, failed to compensate Plaintiffs for the

additional time despite knowledge of their hourly status entitling them to overtime compensation

under the FLSA, and failed to keep records of their work despite knowing their obligation to do

so.

  Thus, accepting the allegations embodied in the proposed Amended Complaint as true as it

must, the Court finds that Plaintiffs Deveaux and Minitees's claims are not barred because a

willfulness allegation allows a party to get the benefit of the three-year statute of limitations and

hence, as pleaded, their claims are not futile.  As a result, the Court cannot deny the motion on

futility grounds.  Nothing herein, however, constitutes a ruling as to whether or not the claim will

survive summary judgment or be proven at trial.

## V. <u>DISCOVERY DISPUTE</u>

In a separate submission, Plaintiffs have requested a sixty-day extension to complete discovery because: (1) Plaintiff Klein's deposition has not been completed; (2) Plaintiffs have not deposed Defendants; (3) Plaintiffs' counsel was ill from late September through late October and had trial and motion-related commitments in November and December; (4) Plaintiffs were unsuccessful in scheduling the outstanding depositions; and (5) Defendants have not produced phone logs other than for the past year, suggesting "spoliation" of records relevant to show that Plaintiffs were not allowed to attend social events or leave early on Fridays during the summer; (6) Defendants have not produced records demonstrating that a litigation hold had been placed on relevant documents; and (7) Plaintiffs contend that there are "discovery problems" that may result in motion practice.

In response, Defendants argue that no extensions are warranted other than those needed to complete Plaintiff Klein's deposition and to conduct depositions to address the FLSA claim because Plaintiffs: (1) did not diligently attempt to schedule depositions of Defendants at any time before November 17, 2009, (2) have not identified the witnesses they seek to depose, and (3) did not provide dates for such depositions, except to complete Ms. Klein's deposition on December 31, 2009, which defense counsel could not accommodate due to another business commitment. Defendants further assert that no order to compel discovery or for spoliation sanctions is warranted because: (1) Defendants have complied with all of their discovery obligations, received a request for the telephone logs for the first time on October 9, 2009, and had no notice from the

Complaint's allegations that they should suspend their regular practice of maintaining the telephone logs for one year only, (2) the logs would not be probative of whether or not Plaintiffs were permitted to attend social events or leave early on Fridays, and (3) Plaintiffs' own timesheets could be used to glean this information.

The first issue is whether or not good cause exists to extend the pretrial deadlines.  The deadlines were set pursuant to Fed.R.Civ.P. 16.  Rule 16 provide requires the Court to enter scheduling orders to allow for "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps."  Harrison Beverage, 133 F.R.D. at 469 (internal quotations omitted); see also Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990) (stating that the purpose of Rule 16 is to provide for judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively manage the timetable of case preparation to expedite the speedy and efficient disposition of cases).  A court may exercise its discretion to modify a Rule 16 scheduling order upon "a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."  Harrison Beverage, 133 F.R.D. at 469 (citing Fed.R.Civ.P. 16(b) advisory committee's note, 1983 Amendment); Fed.R.Civ.P. 16(b)(4).  Allowing extensions in the absence of "good cause" would "deprive trial judges of the ability to effectively manage the cases on their overcrowded dockets" and severely impair the utility of scheduling orders.  Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986).

Here, good cause exists to extend the pretrial deadlines to enable the parties to address Plaintiffs' FLSA claims as they had not been previously the subject of discovery.  Moreover, good cause exists to provide time for Plaintiffs to depose Defendants based upon the representations of

Plaintiffs' counsel concerning her professional and personal difficulties during October and November.  Nonetheless, to ensure that no further delays occur and that priority is given to this case, the Court will require the parties to provide dates that have been reserved to complete the depositions in this case so that all depositions are completed by February 23, 2010.

The Court, however, is not extending the deadlines or imposing sanctions for alleged spoliation based upon a nebulous need to resolve "remaining discovery problems."  First, there was a deadline to raise all unresolved discovery disputes that has long passed.  (See Docket Entry No. 14, ¶ 9.)  Second, to the extent the "problems" arose from Plaintiffs' claim that Defendants' November 2009 document production because they did not include all telephone logs for the entire period of their employment, no extension of the deadlines will change the fact that records beyond one year no longer exist.  (See Joint Submission, Dec. 31, 2009, at 3.)  Third, to the extent that Plaintiffs contend that Defendants' failure to suspend its record retention policy concerning such logs constitutes spoliation, the record is insufficient to support such a finding or to impose sanctions.

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  Mosaid Techs., Inc. v. Samsung, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (citation omitted).  A litigant has "a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation."  Scott v. IBM, Corp., 196 F.R.D. 233, 249 (D.N.J. 2000); see also Micron Technology, Inc. v. Rambus, Inc., 255 F.R.D. 135, 148 (D. Del. 2009) (stating that "a party is under a duty to preserve evidence which it knows, or reasonably should know, is relevant to the future litigation").  If the duty to preserve evidence "has not been triggered at the time the

-18-

evidence was destroyed, then there can be no spoliation." <u>Kounelis v. Sherrer</u>, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

While a party is required to take steps to preserve relevant evidence, Plaintiffs have failed to show that Defendant knew or should have known of a possible claim calling for the retention of the telephone logs before October 2009.  First, the plaintiffs have not explained at anytime before October 2009, how the defendants would have known that the logs would be needed for pending or foreseeable litigation.  Second, Plaintiffs' counsel asserts that she was unaware of such a claim before July, 2009 and thus she is hard pressed to assert that Defendants should have known about it. (<u>See</u> Pls.' Br., Docket Entry No. 19, at 4; Pls.' Reply, Docket Entry No. 24, at 2.)  Third, nothing in the original February 28, 2008 complaint would have notified Defendants that the log-in information would be probative of any of the elements of the alleged claims.  (<u>See</u> Compl., Docket Entry No. 1, Ex. A.)  Each claim focuses on whether Defendants engaged in discriminatory conduct.  (<u>Id.</u>)  The phone logs provide information about when Plaintiffs activated their computers, but would neither show why they did so nor reflect the Defendants' motives or show why the plaintiffs were not permitted to attend social functions.  Fourth, according to Defendants, Plaintiffs' prepared their own time sheets and these more accurately reflect the hours worked and the time for which Plaintiffs were compensated.  (Defs.' Br., Docket Entry No. 21, at 4 n.1.)  Fifth, Plaintiffs are able to use the existing telephone logs to show when they arrived at work for at least the time period for which the records exist.  Because Plaintiffs have not shown that the duty to preserve telephone log-in records was triggered before July 2009 and have not shown that they are without relevant evidence to establish their claim, the Court declines to impose any sanctions for failure to preserve phone logs before July 2009.  Moreover, to the extent

either party seeks such documents concerning the FLSA claim, the Court will permit each side to serve three document demands directed to this claim.

## VI. <u>CONCLUSION</u>

For the foregoing reasons,

1.  Plaintiffs' motion for leave to file an Amended Complaint is granted;

2.  Plaintiffs' request for an extension of the discovery deadlines is granted as set forth herein but their request for sanctions based upon alleged spoliation is denied;

3.  Defendants may reopen Plaintiffs' depositions to address the facts related to the FLSA claim.  Said depositions shall be completed no later than **February 20, 2010**.

4.  No later than **January 13, 2010**, the parties shall provide the dates on which the depositions of Plaintiffs shall take place;

5.  Plaintiffs shall complete all depositions they seek to take no later than **February 26, 2010**;

6.  Plaintiffs shall pay the costs associated with the court reporters attendance at their own depositions;

7.  The parties may serve no more than three document demands directed to the FLSA claims, which shall be served no later than **January 13, 2010** and shall be responded to no later than **February 9, 2010**;

8.  All discovery shall be completed no later than **February 26, 2010**; and

9.  The final pretrial conference shall take place on **March 16, 2010 at 1:00 p.m.** and the joint proposed final pretrial order shall be submitted to the Chambers of the Undersigned

-20-

no later than **March 9, 2010 at 3:00 pm**.

A form of Order consistent with this Opinion will be issued.


s/Patty Shwartz
United States Magistrate Judge

January 6, 2010